NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHAO CAO, | No. 15-70392 |
| Petitioner, | Agency No. A087-715-126 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Chao Cao, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"), and determining that he had filed a frivolous asylum application.

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). We deny the petition for review.

"An asylum application is frivolous if . . . [a]ny of the material elements . . . is deliberately fabricated." 8 C.F.R. § 1208.20(a)(1) (Jan. 11, 2021). To sustain a finding of frivolousness, (1) "an asylum applicant must have notice of the consequences of filing a frivolous application;" (2) "the IJ or Board must make specific findings that the applicant knowingly filed a frivolous application;" (3) "those findings must be supported by a preponderance of the evidence;" and (4) "the applicant must be given sufficient opportunity to account for any discrepancies or implausibilities in his application." *Fernandes v. Holder*, 619 F.3d 1069, 1076 (9th Cir. 2010) (quoting *Ahir v. Mukasey*, 527 F.3d 912, 917 (9th Cir. 2008)).

The agency determined that Cao fabricated evidence concerning his relationship with his father and his father's whereabouts. Cao acknowledges that he "gave somewhat inconsistent testimony" about those matters yet contends that the fabricated elements of his claim were not material. "[A] concealment or misrepresentation is material if it 'has a natural tendency to influence . . . the decision of the decisionmaking body to which it was addressed.'" *Matter of B-Y-*, 25 I.& N. Dec. 236, 244 (BIA 2010) (omission in original) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).

The agency determined that Cao's fabrications were material because they concealed what Cao now concedes "might have been one partial factor" in his decision to leave China for the United States, that is, to spend time with his father. That finding is supported by the preponderance of the evidence. The agency therefore did not err in determining that Cao submitted a frivolous application. *See Fernandes*, 619 F.3d at 1076 ("[T]he IJ gave cogent and convincing reasons for her specific finding that Fernandes's application was fraudulent."). Cao is ineligible for asylum and withholding of removal.

The agency also determined that Cao's testimony was not credible. "[T]o overturn an IJ's adverse credibility determination, we must find that 'the evidence not only supports [a contrary] conclusion, but compels it.'" *Lianhua Jiang v. Holder*, 754 F.3d 733, 739 (9th Cir. 2014) (emphases omitted) (second alteration in

3

original).  Substantial evidence supports the agency's adverse credibility determination for several reasons, including the fabricated testimony concerning Cao's father and also inconsistencies within Cao's testimony concerning his actions in China after his uncle's arrest.

Substantial evidence supports the agency's denial of Cao's claim for CAT protection because it was based on the same evidence that the agency found not credible, and Cao does not point to other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048–49.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**